**SHI PING XIU, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 02–73426.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2009.\*

Filed Jan. 20, 2009.

R.App. P. 34(a)(2).

Shi Ping Xiu, Alhambra, CA, pro se.

CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Margaret Kuehne Taylor, Esquire, Jesse Matthew Bless, Ernesto H. Molina, Jr., Esquire, U.S. Department of Justice, Washington, DC, for Respondent.

Before: O'SCANNLAIN, BYBEE, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Shi Ping Xiu, a native and citizen of China, petitions pro se for review of the Board of Immigration Appeals' order summarily dismissing her appeal from an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Singh–Kaur v. INS*, 183 F.3d 1147, 1149 (9th Cir.1999), and we deny the petition for review.

Substantial evidence supports the IJ's adverse credibility finding because Xiu's

testimony lacked specificity and consistency regarding the length of her detention and the mistreatment she received during the detention. *See Singh–Kaur*, 183 F.3d at 1151–53. Thus, Xiu's asylum claim fails.

Because Xiu failed to demonstrate eligibility for asylum, it follows that she did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Xiu's CAT claim is based on the same testimony the IJ found to be not credible, and Xiu points to no other evidence the IJ should have considered, she has failed to establish eligibility for CAT relief. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

